**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MARIO ARCE,**

          **Plaintiff,**

**v.**

**WEXFORD HEALTH SERVICES,
TIMOTHY ADESANYAPA, L.P.N.,
BLUM, L.P.N., and DR. BUTALID,**

          **Defendants.**

**Case No. 3:18-CV-1348-NJR**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mario Arce is a prisoner in the Illinois Department of Corrections currently residing at Dixon Correctional Center (Doc. 133). He filed this lawsuit in July 2018 alleging that, while incarcerated at Pinckneyville Correctional Center, Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 1). Defendant Timothy Adesanyapa was dismissed from the action on December 9, 2019 (Doc. 85). On March 24, 2022, the Court entered summary judgment for Defendants Wexford Health Services, Nurse Practitioner Bob Blum, and Dr. Alberto Butalid and dismissed the action (Docs. 125, 126).

Now pending before the Court is the Bill of Costs filed by Defendants Adesanyapa, Wexford Health Services, Blum, and Dr. Butalid on April 12, 2022 (Doc. 127). Defendants seek to have Arce pay $2,718.50 for transcript and court reporter fees. Arce filed a timely objection to the Bill of Costs on April 27, 2022 (Doc. 133), which was supplemented on

June 21, 2022 (Doc. 139). Defendants filed a reply to Arce's objection (Doc. 135).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The indigence exception to the cost-shifting presumption is narrow, and the non-prevailing party bears the burden to overcome the presumption. *Id.* at 636.

In his objection and supplemental declaration, Arce notes that he is indigent and unemployed (Docs. 133, 139). The Court recognized Arce as indigent and granted *pauper* status when this action commenced (Doc. 10). Arce has been continuously incarcerated since being taken into custody in 2016 and throughout this litigation (Doc. 133). Additionally, Arce is not scheduled for possible parole until 2024 with an estimated

discharge date in 2027 (*Id*.). Arce states that he is attempting to obtain employment which could pay $33 per month, but he has not yet received approval (*Id*.). As with his income, Arce declares he has no assets and only $50 in his commissary account (*Id*.).

Accordingly, the Court finds Arce incapable of paying Defendants' costs at this time. Furthermore, given his projected discharge date of May 21, 2027,[1] the Court finds Arce incapable of paying the costs at any time in the near future. While he could see parole in a couple years, the reality is that his income-generating capabilities are unlikely to materially improve immediately upon his release. *See Mathis v. Carter*, No. 13 C 8024, 2017 WL 2243040, at *1 (N.D. Ill. May 23, 2017). Moreover, Defendants seek a total of $2,718.50 in costs. That sum, while not monumental, is quite substantial to a prisoner proceeding *in forma pauperis*. Arce filed this case in good faith, and, while the Court dismissed the case on summary judgment, his claims were not frivolous.

For these reasons, the Court finds that the Bill of Costs should be denied on the grounds of indigence. Plaintiff Mario Arce's objection (Doc. 133) is **SUSTAINED** to the extent he argues he is indigent. Defendants' Bill of Costs (Doc. 127) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 23, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] *See* IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited June 22, 2022).